**In re WASTE ALTERNATIVES, INC., a Florida corporation, Debtor.**

**Bankruptcy No. 94–1121–3F1.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 18, 1994.

Alan M. Weiss, Jacksonville, FL, for Trafalgar House, Inc.

Gardner F. Davis, Jacksonville, FL, for Creditors' Committee.

Philip V. Martino, Chicago, IL, for debtor.

### ORDER MODIFYING THE AUTOMATIC STAY

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court on Trafalgar House, Inc.'s Motion for Relief from Stay (Doc. No. 49, filed on April 12, 1994). The Court conducted a hearing on April 29, 1994, and after receiving evidence and the testimony of witnesses, the Court reserved ruling on the matter. Following the hearing, the parties submitted memoranda which contained proposed findings of fact and conclusions of law. The Court makes the following legal findings.

In its motion for relief from stay, Trafalgar House, Inc. ("Trafalgar"), alleged that: (1) it held a valid, perfected security interest; (2) the debtor was in default of the note; (3) the debtor failed to adequately protect Trafalgar's interest; and (4) the debtor lacked equity in the equipment listed in the motion. At the hearing, Trafalgar provided proof that it had a perfected security interest in debtor's equipment, which is currently property of the estate.

The creditors' committee objects to Trafalgar's lien because the debtor allegedly failed to directly execute a security agreement with Trafalgar; instead, the debtor executed a lease and a security agreement with Trafalgar House Services, Inc., which subsequently assigned the chattel papers to Trafalgar. In essence, then, the creditors' committee asserts in *defense* that Trafalgar lacks the requirements necessary to establish a security interest.

 Whenever a hearing is held to determine whether a party in interest should be granted relief from the stay, the Code allocates the parties' respective burdens of proof as follows:

> (1) the party requesting such relief has the burden of proving the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g). Thus, once the movant demonstrates prima facie entitlement to relief, which the Court concludes Trafalgar has demonstrated, the opposing party must present evidence to the contrary. *See In re*

*Allstar Bldg. Products, Inc.,* 834 F.2d 898, 902 (11th Cir.1987). Ordinarily, such evidence consists of a debtor's equity in certain property and the need to retain property essential to a successful reorganization. In this case, the objecting creditors' committee presented evidence, ostensibly to prove that Trafalgar's lien is invalid.

 While the Code clearly assigns to the nonmoving party the burden of proving "all other issues," the nonmovant may not present evidence that a lien is invalid during a hearing on a motion for relief from stay. *In re Born,* 10 B.R. 43, 46 (Bankr.S.D.Tx. 1981); *accord In re High Sky Inc.,* 15 B.R. 332 (Bankr.M.D.Penn.1981). Nor will the Court decide the *merits* of the defense that the lien is invalid, although the Court will consider such allegations in determining the appropriateness of requiring the parties to litigate the lien's validity at all or the need for adequate protection. The complexity of the issues raised in opposition to Trafalgar's motion requires, as stated in the Code, the filing of an adversary proceeding or a separate trial, and such complex issues are not to be considered in a motion to lift the stay. *See* Fed.R.Bankr.P. 7001(2).

 This approach taken by the Court today—which lifts the automatic stay but only for the purpose of determining the validity of a claimed security interest—protects both debtor's and creditors' rights pending resolution of the validity of Trafalgar's challenged lien. If Trafalgar has a valid lien, as the movant contends, then the creditor may proceed to enforce its lien and reclaim the equipment. Otherwise, the equipment belongs to the debtor-in-possession. Nonetheless, the resolution of Trafalgar's lien is necessary before the Court can decide the merits of lifting the stay and allowing Trafalgar to act upon the collateral—even though it appears that Trafalgar will ultimately prevail. *See In re Cycle Products Distributing Co.,* 118 B.R. 643 (Bankr.S.D.Ill.1990) (stating not only that the Code is silent as to how an assignment is effected, but also that general principles of law and equity apply except where they are displaced by particular provisions of the Code).

Accordingly, it is **ORDERED AND AD-JUDGED** that the Motion to Modify the Automatic Stay is **GRANTED.** The stay is lifted only to the extent that an action be filed in a court of competent jurisdiction to determine the validity and extent of Trafalgar's lien. Thereafter, this Court will determine: (1) further modification of the automatic stay; or, (2) the need for adequate protection until a plan is confirmed.

**DONE AND ORDERED.**